**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:22-20493-JEM/Becerra

AUSTRALIAN THERAPEUTIC SUPPLIES
PTY LTD.,

        Plaintiff,

v.

NAKED TM, LLC,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR**
**AWARD OF SERVICE EXPENSES INCLUDING ATTORNEYS' FEES**

    **THIS CAUSE** came before the undersigned on Plaintiff's Motion for Award of Service Expenses Including Attorneys' Fees Pursuant to Fed. R. Civ. P. 4(d)(2) ("Motion").[1] ECF No. [46]. Defendant Naked TM, LLC filed a Response to the Motion and Plaintiff filed a Reply. ECF Nos. [53], [56]. Upon due consideration of the Motion, the pertinent portions of the record, and the relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that the Motion, ECF No. [46], be **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **BACKGROUND**

    The instant Motion arises out of Defendant's failure to waive service of process. On February 21, 2022, Plaintiff mailed a Request to Waive Service ("Waiver Request") along with an issued Summons to Defendant at the residential address of Defendant's sole owner and registered agent, Jud Ireland. ECF No. [46] at 1. Defendant did not respond to the Waiver Request because,

---

[1] This Matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [79].

according to Defendant, Mr. Ireland was out of the country for several months and did not receive the Waiver Request.  ECF No. [53] at 2.  Plaintiff hired a process server to effectuate personal service but, after several attempts and efforts to locate Mr. Ireland, was unable to do so.  ECF No. [46] at 2.  Ultimately, Plaintiff served Defendant through the Florida Department of State, Division of Corporations.  *Id.*

Plaintiff incurred $290.00 in third party costs to effectuate service of process.  *Id.* at 8.  After Defendant appeared in this action, counsel for the parties conferred regarding Plaintiff's service expenses, and Defendant agreed to pay Plaintiff $290.00 in service expenses to avoid unnecessary motion practice.  ECF No. [53] at 2-3.  However, Plaintiff also requested that Defendant pay the attorneys' fees that Plaintiff incurred in connection with effectuating service, which totaled nearly $10,000.00.  *Id.* at 2.  Defendant refused to do so and provided Plaintiff with legal authority supporting its position that attorneys' fees do not constitute expenses incurred in making service within the meaning of Federal Rule of Civil Procedure 4(d)(2)(A).  *Id.* at 3.  The parties could not reach agreement and the instant motion followed.

In its Motion, Plaintiff asks the Court to award it service expenses pursuant to Rule 4(d)(2) totaling $10,977.50, which is comprised of $290.00 in third party service costs and $10,687.50 in attorneys' fees.  ECF No. [46] at 7-8.  The attorneys' fees are based upon the work of two attorneys: (i) Stephanie C. Alvarez who billed 26.45 hours at an hourly rate of $350.00 and (ii) Andrew Smith who billed 4.4 hours at an hourly rate of $325.00.  *Id.* at 7.  The time entries submitted reflect that most of the tasks performed related to effectuating service of process, responding to the Court's Order to Show Cause, and preparation of a Motion for Default Judgment.  ECF No. [46-1] at 4-5.  A small portion of the attorneys' time was expended in connection with the Motion.  *Id.* at 4.

Defendant opposes the award of attorneys' fees for three reasons. First, Defendant asserts that attorneys' fees incurred in effectuating service of process are not recoverable under Rule 4(d)(2). ECF No. [53] at 3-4. Second, Defendant asserts that the Court should decline to award attorneys' fees incurred in connection with the Motion because the Motion was unnecessary, as Defendant agreed to pay Plaintiff $290.00 in service costs, which are the only recoverable service expenses that Plaintiff incurred. *Id*. at 5. Finally, Defendant contends that time spent in connection with the Court's Order to Show Cause and the Motion for Default Judgment must be excluded because those tasks are unrelated to service or a motion to recover service expenses and, thus, are not recoverable under Rule 4(d)(2). *Id*. at 4.

## II.   ANALYSIS

Federal Rule of Civil Procedure 4(d) sets forth the procedure for a defendant to waive service of process. FED. R. CIV. P. 4(d). Rule 4(d) provides in pertinent part that:

> (2) If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A)   the expenses later incurred in making service; and
>
> (B)   The reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

FED. R. CIV. P. 4(d)(2). Defendant does not argue that it had good cause to fail to sign and return the Waiver Request. *See* ECF No. [53], *generally*. Accordingly, the issue before the Court is whether the attorney's fees that Plaintiff incurred in making service are recoverable under this Rule.

### A.   <u>Attorneys' Fees Are Not Recoverable Under Rule 4(d)(2)(A).</u>

Plaintiff argues that the term "expenses" in Rule 4(d)(2)(A) includes attorneys' fees incurred in making service. ECF No. [46] at 6-7. Plaintiff's argument is not supported by the Rule. Indeed, the plain language of Rule 4(d)(2) reflects that when the drafters intended to include attorneys' fees

in the meaning of expenses, they explicitly said so.  Specifically, Rule 4(d)(2)(B) specifies that "reasonable expenses" recoverable "includ[es] attorney's fees" in connection with any motion that is required.  In contrast, Rule 4(d)(2)(A), which defines what expenses are recoverable in connection with making service, contains no such language.  *INS v. Cardoza–Fonseca,* 480 U.S. 421, 432 (1987) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").  The omission of "attorneys' fees" in Rule 4(d)(2)(A), given the text of Rule 4(d)(2)(B), is a strong indication that attorneys' fees incurred in making service are not recoverable under Rule 4(d)(2).  At least one other district court in this Circuit reached the same conclusion.  *See SPE GO Holdings, Inc. v. Anzo*, No. 2:10-cv-00215, 2012 WL 13018386, at *5 (N.D. Ga. March 30, 2012) ("The exclusion of the phrase [attorneys' fees] in Rule 4(d)(2)(A) and its subsequent inclusion in Rule 4(d)(2)(B) strongly suggests that attorneys' fees are not recoverable Rule 4(d)(2)(A).").

Moreover, as the *Anzo* court reasoned, "[t]hroughout the federal rules, the word expenses is frequently followed by the phrase "including attorney's fees." *Id*. at *5 (listing nine (9) different instances). "The constant repetition of the 'including attorney's fees' phrase after 'expenses' suggests that the word expenses, standing alone, does not include attorney's fees." *Id*.  Further, if the term "expenses" implicitly includes attorney's fees, then the phrase "including attorney's fees" used in Rule 4(d)(2)(B) becomes superfluous. "The surplusage canon counsels us to avoid an interpretation that makes another part of the statutory text needlessly superfluous." *United States v. Miles*, 75 F.4th 1213, 1223 (11th Cir. 2023).

The only legal authority that Plaintiff relies upon *J.P. King Auction v. White.*  However, the *White* decision addressed the amount of attorneys' fees to be awarded, and did not address whether

4

attorneys' fees incurred in connection with efforts to serve a defendant are recoverable under Rule 4(d)(2). *White*, No. 11-cv-60915, 2012 WL 13134492 (S.D. Fla. Jan. 6, 2012), *report and recommendation adopted by* No. 11-cv-60915, 2012 WL 13134493 (S.D. Fla. Jan. 23, 2012). Moreover, the *White* court rendered its decision without opposition from the defendant, as it was based upon a motion for default judgement. *Id.* Given that *White* offered no analysis on the issue at hand, the undersigned does not find it persuasive.

Accordingly, for the foregoing reasons, the undersigned concludes that Plaintiff is not entitled to attorneys' fees under Rule 4(d)(2)(A). However, there is no dispute that Plaintiff is entitled to recover $290.00 in third party costs incurred to serve Defendant. As such, the undersigned **RECOMMENDS** that the Court award Plaintiff $290.00 in service expenses pursuant to Rule 4(d)(2)(A).

**B. Plaintiff Is Not Entitled To Attorneys' Fees Under Rule 4(d)(2)(B).**

As mentioned, Rule 4(d)(2)(B) does permit the award of reasonable attorneys' fees. However, the Rule expressly allows only those attorneys' fees incurred in connection with "any motion required to collect th[e] service expenses [specified in Rule 4(d)(2)(A)]." FED. R. CIV. P. 4(d)(2)(B); *see also Anzo*, 2012 WL 13018386 at *8 (holding that plaintiff "cannot recover attorney's fees incurred effecting service on defendant" but "is permitted … to recover the *reasonable* expenses, including attorney's fees of any motion required to collect its service expenses.") (citing FED. R. CIV. P. 4(d)(2)(B). A review of the time records submitted by Plaintiff's counsel reflect that only 4.25 hours were expended in connection with the Motion. ECF No. [46-1] at 4. The remaining hours were expended on other matters and, thus, are not compensable under Rule 4(d)(2)(B).

Although attorney's fees incurred in connection with the Motion fall within the ambit of Rule 4(d)(2)(B), they must nonetheless be reasonable. A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

Defendant argues that the hours Plaintiff's counsel expended on the Motion were unnecessary because Defendant previously agreed to pay Plaintiff its recoverable service expenses totaling $290.00. ECF No. [53] at 3, 5. Plaintiff does not address this argument in its Reply. The Court agrees that given Defendant's prior agreement to reimburse Plaintiff for its $290.00 in third party service costs, which are the only expenses allowable under Rule 4(d)(2)(A), the Motion was not "required to collect those service expenses" and the tasks performed were unnecessary. Accordingly, the undersigned concludes that Plaintiff is not entitled to the attorneys' fees incurred in connection with the Motion because they do not fall within the scope of Rule 4(d)(2)(B) and were unnecessary and, thus, not reasonable. The undersigned therefore **RECOMMENDS** that the Court decline to award attorneys' fees to Plaintiff.

## III.   CONCLUSION

Based on the foregoing reasons, it is hereby **RECOMMENDED** that Plaintiff's Motion for Award of Service Expenses Costs, ECF No. [46], be **GRANTED IN PART AND DENIED IN PART,** and Plaintiff be awarded **$290.00** in service expenses.

## V.   OBJECTIONS

A party shall serve and file written objections, if any, to this report and Recommendation with the District Court within **TEN (10) DAYS** of being served with a copy of this Report and

Recommendation.   Failure to timely file objections will bar a de novo determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.' 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, September 6, 2023.

_____

**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**