UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-20493-CIV-MARTINEZ

AUSTRALIAN THERAPEUTIC
SUPPLIES PTY LTD,

    Plaintiff,

v.

NAKED TM, LLC,

    Defendant.
_____/

## ORDER GRANTING MOTION TO CERTIFY INTERLOCUTORY APPEAL

**THIS MATTER** comes before the Court on Plaintiff's Motion to Certify Summary Judgment Order for Interlocutory Review ("Motion"), (ECF No. 109). The Court has carefully considered the Motion, Defendant's Response in Opposition, (ECF No. 110), Plaintiff's Reply, (ECF No. 111), the record, and applicable law. For the reasons set for below, Plaintiff's Motion is **GRANTED**.

Plaintiff requests certification of this Court's Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Partial Summary Judgment ("Order"), (ECF No. 103), for interlocutory review under 28 U.S.C. § 1292(b). Plaintiff would like the Court to certify to the Eleventh Circuit the following question: what the applicable standard of review is afforded to district court appeals of Trademark Trial and Appeal Board ("Board") decisions under 15 U.S.C. § 1071(b) following the Supreme Court's decisions in *Kappos v. Hyatt*, 566 U.S. 431 (2012) and *B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138 (2015).

Section 1292(b) states that an appeal of a non-final order may be permitted should a district court certify in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, to qualify for leave to file an interlocutory appeal under § 1292(b), Plaintiffs have the burden of establishing three elements: (1) that a "controlling question of law" exists, (2) over which there is a "substantial ground for difference of opinion" among courts; and (3) the immediate resolution of the issue would "materially advance the ultimate termination of the litigation." *Id.*; *see McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (noting that the burden of establishing the § 1292(b) requirements is on the petitioning party). "This standard is conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review." *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, No. 19-cv-23591, 2020 WL 3433147, at *2 (S.D. Fla. June 23, 2020) (quoting *In re Yormak*, No. 2:17-cv-73-FtM-38, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017)).

"The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it." *McFarlin*, 381 F.3d at 1259. The Supreme Court has therefore recognized that an interlocutory appeal under 28 U.S.C. § 1292(b) is reserved for "exceptional cases." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996). Ultimately, there is a "strong presumption against interlocutory appeals," and both the district and circuit courts are afforded substantial discretion in certifying issues for this purpose. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008).

The Court considers whether Plaintiff satisfies its high burden under section 1292(b), addressing the three statutory elements for certifying an interlocutory appeal. First, Plaintiff has framed an issue which presents a controlling question of law. A "controlling question of law" is one that "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine[.]" *McFarlin*, 381 F.3d at 1258. It should be an "abstract legal issue" of "'pure' law" the circuit can answer "quickly and cleanly" without having to "delve beyond the surface of the record in order to determine the facts." *Id.* at 1258–59. "The antithesis of a proper § 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 1259. In its Order, this Court applied the "thorough conviction" standard of review instead of *de novo*, which Plaintiff argues barred its new void ab initio causes of action and evidence, thus resulting in the denial of Plaintiff's motion for summary judgment. The Court agrees with Plaintiff that the question sought to be certified is a controlling question of law.

The next element, whether a substantial ground for difference of opinion exists, requires there be a legal issue that is "(1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Flaum v. Doctor's Assocs., Inc.*, No. 16-61198-CIV, 2016 WL 8677304, at *2 (S.D. Fla. Oct. 27, 2016) (internal quotation marks and citation omitted). In its Motion, Plaintiff highlights how both district courts in this circuit and other circuits are split in regard to which standard of review to apply. (*See* Mot. at 13–18). Plaintiff also notes that the Eleventh Circuit is among the minority regarding this issue. This Court agrees that the second element is satisfied.

Lastly, the third factor, that an immediate appeal from the Order will materially advance the ultimate termination of this litigation, asks whether "resolution of a controlling legal question

would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259 (citations omitted). The Court notes that trial is set to commence soon to determine Defendant's damages because this Court granted its motion for partial summary judgment. Plaintiff argues that certification of the Court's summary judgment order "will advance judicial economy by substantially shortening this litigation and avoid a premature trial on Defendant's breach of contract counterclaim damages, only to have the case appealed following entry of final judgment." (Mot. at 18–19). Alternatively, if the Eleventh Circuit were to affirm the thorough conviction standard, Plaintiff argues that it would "likely to solidify the parties' bargaining positions and promote settlement." (*Id.* at 19) (citation omitted). The Court agrees that resolution of the question presented by Plaintiff would shorten this litigation.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion, (ECF No. 109), is **GRANTED**. The following question is certified under section 1292(b): what the applicable standard of review is afforded to district court appeals of Trademark Trial and Appeal Board ("Board") decisions under 15 U.S.C. § 1071(b) following the Supreme Court's decisions in *Kappos v. Hyatt*, 566 U.S. 431 (2012) and *B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138 (2015).

**DONE AND ORDERED** in Chambers at Miami, Florida this 23 day of February 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record